Good morning, may it please the court, Jason Carr appearing on behalf of the appellant Daniel Carrion. The issue we have in this appeal is pretty crystallized at that point. It essentially comes down to whether or not, under a formal categorical approach, a California conviction under 245 C of their penal code is commensurate or meets all the elements of the federal definition at issue here, which is the armed career criminal definition of violent felony. So what we have to decide is, is there a manner under which somebody could be convicted under Section 245 C that does not meet the relevant federal definition here? And at first blush, your answer would be no. If you look at the California 245 statute, the 245 C in particular, on first blush upon reading that, you would say, well, this appears to be a cut and dried example of an assault. Well, it doesn't appear to be a cut and dried example of an assault because it's an assault with a deadly weapon or instrument or by any means likely to produce grave bodily injury. So it's not just an assault, but it's an assault with additions that appear to be directly directed at whether or not there's a likelihood of violence. It appears to fit comfortably within the federal definition. I would concede that. But now, this was in the indictment, count three, and he pled to that. Right. That's a good question, Your Honor. If we get to a modified categorical approach here, I'd submit, and I don't know if the government would contest this, although they appear to a bit in their answering brief, that the documents that are in this record and they're contained at the end of appellate's opening brief and an addendum, would not narrow the conduct of conviction. Even though the indictment appears, the initial indictment appears to have language that would qualify, there's nothing in these documents that tell us exactly what we need to know. But that wasn't what the judge Fletcher was asking. She was asking whether the indictment included with a deadly weapon or instrument or any means likely to produce grave bodily injury, and it did, right? It tracks the statutory language, it does. But we all know the indictment alone isn't enough, because what we really need to discern here is what did the individual plead to. And, yes, and he pled to that indictment, didn't he? Well, we don't know what the factual basis for that plea is. He pled to the indictment, but what we also know is that an implicit element, and this comes back to the formal categorical approach before we even get to the modified, is what exactly would he have had to plead to to be guilty of that, of what he was charged with. And we all know that sometimes there's a divergence between what's exactly charged in the indictment and what the individual will stand up to and say in front of court to enter his plea. And that's why the case law is clear that what's charged in the indictment isn't enough under a modified. Unless he pleads to the indictment as the indictment, which is what he did here, right? He just pled guilty to the indictment. I would argue, Your Honor, not to be disrespectful, that he would have to explicitly incorporate the factual basis of the indictment. I don't believe there's any law to that effect. I would submit there is, Your Honor, because there's a – we all know there's a lot of case law that says the government just submits the indictment alone, that's not enough. And all we have here is the indictment and a judgment. No, we have a plea. The defendant's statement. Right. It seems akin to a plea agreement. The – it doesn't really give us any information, though. We don't know if there was – the guy stood up there and said, Your Honor, I didn't intend to physically assault anyone. You know, I only meant to do something offensive. And the judge will say, well, that's good enough under the statute, so you're guilty. I adjudicate you guilty. Well, but when he enters a plea, he has to plea – enter a plea to what the charge is, and that's what we have to look at to determine. Right. And I guess it's all kind of – the problem with that, though, is when you – within the contours of what's charged, there's a variety of conduct. Okay. So what variety of conduct is there? That's the whole crux of this case. All right. Go ahead. What is it? The whole – and the only angle that we have here, and I'd freely concede, is the California Supreme Court's pronouncements in this Colatumano case. And what they do is they take what seems to be a statute whose plain language would fit nicely within the contours of the Federal definition of issue – at issue here, and they embellish the elements, and it's essentially to allow for conviction based on a wider range of conduct. And what the case here says, essentially, is that, first of all, there's two problems, we would say, under a formal categorical approach. One is with the mental state requirement, and the other is with the act element. And what they say here, what the California Supreme Court says is there needs not to be any intent to harm. On page – But under the Federal statute, it doesn't have to be an intent to harm. There has to be something that is likely to produce injury, but it doesn't have to be an intent to harm, does it? But it does use the word use, and use has been construed to apply to – to connote some kind of volitional component. Volitional with regard to the use of force, but not necessarily to harm. Right. And that would be that I volitionally intended to use force. Right. Right. Under the California statute, you don't – that's not required. All that is required is the intent – there's no need to prove an intent to cause me a particular injury. That's right. There's no need – It's not necessary to make that proof. That's right. There's no need to cause an injury, but there is a need to use the physical force. It's the same exact thing. It's a fine line, Your Honor, I will admit. It is a fine line. The more compelling argument, I suppose, is the idea here that you don't have to commit an act of physical force. What the California court is saying is that offensive conduct would be enough. Yes, for a basic assault, but now we have the embellishment in this statute, which is that it has to be with a deadly – with a deadly weapon or likely to cause injury or force whatever. It's not a firearm. A firearm, okay. And here, although we don't know exactly what happened here to a large extent, it isn't even relevant, it would appear that it was the car in this case that was the deadly weapon. So what it comes down to is if can you – would it be permissible under California law to use something that could potentially be a deadly instrument like a car to create an offensive-type touching, in this case, maybe, you know, rub your bumper against a trooper's pants to smear it or some kind of – could we come up with some theory under the formal categorical approach where an individual could be convicted under this statute in a manner that doesn't meet the Federal analog? And what we submit is that the California Supreme Court in – I never can pronounce the name – Colantuno has expanded the scope of 245 and 245C to an extent that it takes us out of a strict formal categorical comparison, and that would be our argument. The other point I'd like to make before I sit down, Your Honor, is if we get to the – there's another clause, which is the otherwise clause, that potentially the Court could use to qualify this conviction. And I would submit there's one key factor in this case that eliminates that, and that is, as an element of this offense under 245C, it has to be a police officer or a firefighter. And the general theory here is that if you commit some act which could cause somebody else to direct violence towards you – so you break into their home and they happen to be there – that could be considered a crime of violence because there's a potential risk that a freight will erupt. Here because we're dealing with a victim who's a police officer or firefighter, the law, I assume, would not presume that they're going to act unlawfully. So even if you committed an offensive act against them, say, spit on them, we cannot say, well, that's going to erupt into a violent affray because here we have an official officer who was sworn by oath not to engage in an altercation with somebody even if they are acting offensively and reprehensibly. So I would submit that the otherwise clause would not apply in this case because of that simple fact, the fact that the victim has to be a police officer or firefighter. I'd like to reserve the rest of my time for those. Judge Fletcher has a question. Should we be making an Ameline remand in this case? No, Your Honor. There's two reasons for that. For one, we're dealing with a statutory maximum here. It's not a guideline case. He received a statutory minimum sentence of 15 years. If he qualifies for the ACCA, it's purely statutory, not a guideline case. That's a statutory minimum. The other factor here is that during his change of plea, the defendant actually admitted to the fact of conviction. So even if there wasn't a prior conviction exception, here during his change of plea, he admitted I was convicted. He didn't say anything about the nature of the convictions, but he did say I was convicted of these offenses and admitted to that during change of plea. So those issues don't erupt in this case. Thank you very much. Counsel? Good morning. May it please the Court. My name is Russell Marsh. I represent the United States. I'm an assistant U.S. attorney in Las Vegas. I think the Court has hit right on the major issue here, which is this isn't just a simple assault. This is an assault with a deadly weapon or likely to produce great bodily injury against either a peace officer or a firefighter. And we do have a complaint, the charging document, that tracks the language of the statute. And when we add those additional factors in addition to assault, it becomes clear that the use of physical force against another had to have occurred. Now, as Mr. Carr indicated, there's two ways to have a violent felony under 924e. One is either the use or attempted use or threatened use of physical force against a person of another, or we have the second part, the otherwise clause that he touched upon there, which involves a serious potential risk of physical injury to another. If you go through the Taylor approach on both of those, it's very clear. I mean, if an aggravated assault against a peace officer doesn't fit as a violent felony under that definition, I can't imagine what does. We have a California statute that actually hasn't been amended since the 1870s that defines an assault as an unlawful attempt coupled with the present ability to commit a violent injury against the person of another. But apparently violent injury doesn't mean violent injury. It apparently means an offensive touching, because it's a battery, and that's what a battery is. Well, the Defendant's whole argument in this brief comes down to this footnote 4 in a case that I'm going to have a hard time pronouncing, Calentuono, and a sort of a far-fetched hypothetical about touching a Coke bottle against a police officer. And I want to talk just for a second about that footnote, because I want to say that I think even under that footnote, it shows that this is still a violent felony. Now, the footnote, all that case does is the same thing as the Federal assault statute. It says that if you commit an act that's likely to result in physical injury to another person, that that's an assault. And what that means is, you know, you can't shoot into a car or drive a car at a police officer or point a gun at somebody and pull the trigger and then say, I didn't mean to hurt them. That's all that's saying. It's saying that you intend the natural consequences of your actions. And that's not a particularly far-fetched idea, something that's very standard in the assault law. And the other thing that that case was struggling with is the idea that assault, even though it is an attempt sort of crime, is still a general attempt or a general intent crime. And the reason that's important is because the State of California doesn't want a lot to allow people to say, I was intoxicated. So therefore, you know, I didn't mean to do it. So they said that intoxication is not a defense. That's the other important point that's in that case, and that goes from a long line of cases that preceded it. But what the footnote is talking about is just talks about what the injury is. And it says, A violent injury here mentioned is not synonymous with bodily harm, but includes  even though only the feelings of such a person are injured by the act. Now, the defense looks at the part about hurt feelings, but I would ask you to focus on the part right before that that talks about any wrongful act committed by means of physical force against the person of another. What does the statute say? What does 924E say? A violent felony is a felony that has an element, the use of force or threat, use of physical force against the person of another. It fits perfectly. I have just one question, which is it happens, if you look closely at the indictment, and I think also at the plea, but I'm not sure, that it says and, not or, that is, commit an assault with a deadly weapon or instrument and by force likely produce great bodily harm. I saw that, yes. Is that of any consequence? Well, I mean, I know I was always taught that when you have an indictment, you always allege in the conjunctive and prove in the disjunctive, which means that either of those things could be proved to support it. So I think that's probably what was going on. We can't, couldn't we sort of, for that reason, because it is traditional to proceed in that fashion, it wouldn't seem you might otherwise say, well, the guilty about this assault with a deadly weapon, he pled to a force likely to produce great bodily injury, but I don't know whether that's true or not. I don't think it matters, because I think if you have an assault with a dangerous weapon, then that fits. It certainly fits, if it doesn't fit under the first prong, it fits under the otherwise clause about something that's likely to create a risk of physical injury if you have a weapon involved. And then the second part of it, I mean, tracks the language almost exactly about discussing the likelihood of physical injury. So I don't think it matters. I'm certainly not going to hang my hat on whether it's and or or. I think that he could have pled guilty to the other. And Mr. Carr is absolutely right. We don't have anything beyond those two documents. That's it. I don't think the modified categorical approach really adds anything to it at all, because the charging document tracks the statute. And I just want to talk a little bit about the hypothetical that he brought up about the Coke bottle. I think that fails, too. I mean, it's really a stretch. I think in that case, the Coke bottle really wouldn't be a dangerous weapon. I also don't think you can hurt a police officer's feelings. I mean, certainly that's been my experience. But more importantly, the same court, the court has gone on to say that, you know, under California law, you still need a willfully committed act that by its nature will probably and directly result in an injury. Once we have that, we have a use of force, we have the probability of an injury, then we have a statute that fits squarely within the 924E. And I would hate to think that based on the record that we have in this case, that you would throw out, say that every time there was an assault in California, that we're going to say that that's not going to be the basis for being a predicate act for the armed career criminal. We're talking about a lot of cases there, and this certainly isn't the one to do it on where you have a record showing that it involved a weapon, involved a police officer, or involved the likelihood of risk of physical injury. Thank you very much. Yes, sir. You have about a minute and a little more left. Thank you very much.
judges: B. Fletcher, Gibson, Berzon